IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRYAN MOWRY, et al., )
)
              Plaintiff, )
)
v. )   No. 06 C 4312
)
JP MORGAN CHASE BANK, N.A., )
)
              Defendant. )

## MEMORANDUM

This Court has just received the chambers copy of a newly-filed putative class action brought against JP Morgan Chase Bank, N.A. ("Chase"). Each of three plaintiffs (who are also the proposed class representatives) complains there that he used a Chase ATM and was charged a $2 fee for that use. As might be expected by anyone familiar with actions of this nature, plaintiffs seek to catch the brass ring (or rather the gold ring) of major damages and corresponding attorneys' fees in a presently unascertainable amount. This Court is contemporaneously issuing its customary initial scheduling order, but this additional memorandum is being issued to apprise both (1) the putative class counsel and their clients and (2) Chase and its counsel of a question that this Court perceives as being posed by the litigation.

What plaintiffs point to in the Complaint is a difference in language within portions of the Federal Reserve System's Regulation E appearing in 12 C.F.R. (cited "Reg. E §--"), which

has been promulgated to implement the Electronic Fund Transfers Act ("Act").[1] Based on that difference in language, plaintiffs' contention is that the information that appears on Chase's ATM screens must say that it <u>will</u> (not that it <u>may</u>) impose a fee for use of the ATM (attached to this memorandum are pages of the Complaint that reproduce (1) Reg. E §205.16(b), (c) and (e), (2) Section 1693(b)(d)(3)(C) and (3) the two forms of notice that are provided by Chase--one being affixed to the ATM itself, the other being displayed on the ATM screen before anyone such as plaintiffs (that is, any person not holding a Chase card) implements the contemplated cash withdrawal).

No opinion is of course expressed here as to the substantive merit of plaintiffs' legal contention, a question to be resolved after the parties tilt their legal lances on the subject. What is said here is instead intended to apprise counsel of a question that they should be prepared to address as part of their input, assuming for that purpose that plaintiffs are correct in urging their legal position as to the noncompliance of the on-screen notification with the language of Reg. E.

In those terms it seems clear from Complaint ¶30 that anyone who sees the "may charge" notice, and who therefore asserts uncertainty as to whether he or she will in fact be charged a

---

[1] Citations to the Act will take the form "Section --," similarly eliminating any need for repeated references to 15 U.S.C.

2

fee, then has the express option to proceed or not to proceed with the withdrawal of funds. If that is indeed so, counsel should be prepared to provide authority as to whether or not the decision to proceed might be viewed as a self-inflicted wound of the type that has long been characterized in the law by the maxim "volenti non fit injuria."

That question appears to be relevant in part because of the special class-action provisions as to civil liability, as set out in Section 1693m, which speaks of such liability:

in any amount equal to the sum of --

    (1) any actual damage sustained by such consumer as a result of such failure;

    \*    \*    \*

    (2)(B) in the case of a class action, such amount as the court may allow, except that (I) as to each member of the class no minimum recovery shall be applicable...; and

    (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.

Again, the subject touched on here is one that counsel should be prepared to discuss at the time of the initial status hearing established by this Court's contemporaneous memorandum order.

                                                        /s/ Milton I. Shadur
                                                        Milton I. Shadur
                                                        Senior United States District Judge

Date: August 11, 2006

(an electronic fund transfer or a balance inquiry) to provide notice to the consumer of the fee before the consumer is committed to the transaction.

17. 12 C.F.R. § 205.16(b) states:

*General.* An automated teller machine operator that imposes a fee on a consumer for initiating an electronic fund transfer or a balance inquiry shall:

(1) Provide notice that a fee will be imposed for providing electronic fund transfer services or a balance inquiry; and

(2) Disclose the amount of the fee.

18. The regulation also specifies the notice to be provided to consumers.

19. 12 C.F.R. § 205.16(c) states:

(c) *Notice requirement.* To meet the requirements of paragraph (b) of this section, an automated teller machine operator must comply with the following:

(1) *On the machine.* Post in a prominent and conspicuous location on or at the automated teller machine a notice that:

(i) A fee will be imposed for providing electronic fund transfer services or for a balance inquiry; or

(ii) A fee may be imposed for providing electronic fund transfer services or for a balance inquiry, but the notice in this paragraph (c)(1)(ii) may be substituted for the notice in paragraph (c)(1)(i) only if there are circumstances under which a fee will not be imposed for such services; and

(2) *Screen or paper notice.* Provide the notice required by paragraphs (b)(1) and (b)(2) of this section either by showing it on the screen of the automated teller machine or by providing it on paper, before the consumer is committed to paying a fee.

20. Pursuant to this regulation, the notice physically attached to the ATM must comply with 12 C.F.R. § 205.16(c)(1), either by stating that a fee will be imposed, or if there are circumstances in which a fee will not be imposed, that a fee may be imposed.

21. The notice provided to the consumer by the screen or on paper, in contrast, must state "a fee will be imposed for providing electronic fund transfer services or a balance inquiry,"

4

12 C.F.R. § 205.16(b)(1), and also disclose the amount of the fee. 12 C.F.R. § 205.16(b)(2) (emphasis added).

22. 15 U.S.C. § 1693b(d)(3)(C), and its implementing regulation, 12 C.F.R. § 205.16(e), provide that no fee may be imposed by an ATM operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required *unless* the consumer is provided the notices required pursuant to 12 C.F.R. § 205.16(c).

23. Specifically, 15 U.S.C. § 1693b(d)(3)(C) states in relevant part:

> (C) Prohibition on fees not properly disclosed and explicitly assumed by consumer. No fee may be imposed by any automated teller machine operator in connection with any electronic fund transfer initiated by a consumer for which a notice is required under subparagraph (A), unless - (i) the consumer receives such notice in accordance with subparagraph (B).

24. 12 C.F.R. § 205.16(e) provides that:

> (e) *Imposition of fee.* An automated teller machine operator may impose a fee on a consumer for initiating an electronic fund transfer or a balance inquiry only if
>
> (1) The consumer is provided the notices required under paragraph (c) of this section, and
>
> (2) The consumer elects to continue the transaction or inquiry after receiving such notices.

25. Thus, the statute and regulation require that the ATM screen must definitively state that a fee will be imposed, before that fee is imposed.

## Substantive Violation

25. Chase is a financial institution regulated under the Electronic Funds Transfer Act, 15 U.S.C. § 1693 *et seq.* and 12 C.F.R. Part 205 (Regulation E), as that term is defined in 12 C.F.R. § 205.2(i).

26. Chase operates approximately 7,312 ATMs in 17 states. These ATMs are referred to as "Chase ATMs."

5

27. Each of the Chase ATMs permit consumers to perform electronic fund transfers, as defined in 12 C.F.R. § 205.3.

28. Each of the Chase ATMs impose a fee on consumers who withdraw funds from the ATM from a bank account with a financial institution based in the United States (other than Chase). The fee charged is generally $2.00.

29. Upon information and belief, each Chase ATM has a fee notice affixed to it. This fee notice states:

### Fee Notice
### Non-Chase Cardholders:
Chase may charge a fee for a cash withdrawal. This fee amount will be disclosed on the ATM screen. The fee is added to the amount of your withdrawal and is an addition to any fees that may be charged by your financial institution. If you have any questions, please contact your financial institution.

30. Each Chase ATM also displays a notice screen before a Non-Chase Cardholder completes an ATM withdrawal of cash. This notice screen states:

Chase

This Chase terminal may charge a fee of $2.00 for a cash withdrawal. This charge is in addition to any fee that may be assessed by your financial institution.

Would you like to continue?

Decline          Continue

31. If the fee charged at the particular Chase ATM is other than $2.00, then the screen notice reflects that particular amount.

### Good Faith Exception

32. The EFTA provides a good faith defense.

6